## Wolcott & Swasey

*v.*

## John P. Gibson.

Partnership—*of sutlers—construction of Act of Congress, March* 19, 1862. The Act of Congress of March 19, 1862, providing for the appointment of one sutler for each regiment, and that the person so appointed shall be the sole sutler, and shall not underlet his privileges, and prohibiting any army officer from being in any manner interested in his stock or trade, was not intended to prohibit a partnership between a sutler and any person beside an army officer, in the prosecution of such business.

Writ of Error to the Court of Common Pleas of the City of Cairo; the Hon. John H. Mulkey, Judge, presiding.

The opinion states the case.

Mr. J. M. Lansden, for the plaintiffs in error.

Mr. H. K. S. O'Melveny, for the defendant in error.

Mr. Justice Lawrence delivered the opinion of the Court:

In this case the plaintiffs sought to charge the defendant, John P. Gibson, as the partner of Benjamin Gibson, in the purchase of certain goods. Benjamin Gibson was a sutler in the army, and the goods were bought for his trade as such sutler. On the trial the court instructed the jury, in substance, that the law of the United States forbade a partnership in the sutlership of a regiment, and if the plaintiffs sold the goods to the Gibsons with the intent to aid them in violating the law, the verdict must be for the defendant. The jury would clearly understand, from this instruction, that they must find for the defendant, if they believed from the evidence

that the goods were bought for the benefit of Benjamin Gibson as sutler, and that the defendant was in partnership with him in the trade belonging to his position. The instruction in this sense was erroneous.

The Act of Congress of March 19, 1862, provides for the appointment of one sutler for each regiment, and that the person thus appointed shall be the sole sutler, and shall not farm out or underlet his privileges, and that no army officer shall be interested in his stock or trade. We construe this as meaning simply what it says and no more, to-wit: that not more than one sutler shall be appointed to a regiment, who shall be personally responsible for the proper performance of the duties of his position, without power to transfer his privileges to another, and that no officer shall have a pecuniary interest in the business. But the business of a sutler often requires the employment of considerable capital, and congress surely could not have intended to say that a person appointed sutler should not be at liberty to raise the necessary amount by agreeing with some person who had it to divide with him the profits and losses of the trade, if he would advance the money or credit necessary to furnish the goods. The very fact that officers were expressly forbidden to make such an arrangement, and for a very obvious reason, shows that congress did not consider it illegal when made with others. We cannot see the slightest reason why congress should have prohibited a partnership between a sutler and any person besides an officer, and we do not think the language of the law was intended to bear such a construction.

For the error in this instruction the judgment must be reversed and the cause remanded.

*Judgment reversed.*